Dimitri L. Karapelou, Esquire
Rebecca K. McDowell, Esquire
Law Offices of Dimitri L. Karapelou, LLC
2 Penn Center
1500 JFK Blvd., Suite 920
Philadelphia, PA 19102
(p): (215) 391-4312
(f): (215) 701-8707
dkarapelou@karapeloulaw.com
ATTORNEYS FOR DEBTOR

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:** | **Chapter 11** |
| **CAMPISI CONSTRUCTION, INC. ,** | **Bankruptcy No.: 14-12458-JKF** |
| **Debtor** | |
| _____ | _____ |
| **CAMPISI CONSTRUCTION, INC.,** | |
| **Plaintiff,** | |
| **V.** | **Adversary No.** |
| **CORNERSTONE CONSULTING ENGINEERS & ARCHITECTURAL, INC.,** | |
| **and** | |
| **ECI, LLC,** | |
| **Defendants.** | |

**COMPLAINT**

NOW COMES the Plaintiff/Debtor, Campisi Construction, Inc. ("Plaintiff"), the Debtor in the

underlying bankruptcy case, by and through counsel, Law Offices of Dimitri L. Karapelou, LLC, and

files this Adversary Proceeding against Cornerstone Consulting Engineers & Architectural, Inc.

("Cornerstone") and ECI, LLC ("ECI") to determine the value of Plaintiff's interest in a receivable

owed to Plaintiff and its principal by Cornerstone under garnishment by ECI, and in support thereof

states as follows:

### Jurisdiction and Venue

1.      Jurisdiction in this court is proper pursuant to the United States Bankruptcy Code and

pursuant to 28 U.S.C. §§ 151, 157 and 1334.

2.      Venue in this court is proper pursuant to 28 U.S.C. § 1409.

3.      This is core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (b)(2)(E) and

(b)(2)(O).

### Parties

4.      Plaintiff Campisi Construction, Inc. is a Pennsylvania corporation with its principal

place of business at 2106 Bustard Rd., Lansdale, PA, 19446.

5.      Plaintiff is a contractor engaged in the business of dismantling, demolishing and

disposing of gas stations and gas station equipment as well as performing other general contracting

work.

6.      Defendant Cornerstone Consulting Engineers & Architectural, Inc.  is a Pennsylvania

corporation with its principal place of business at 216 West Main St., Lansdale, PA, 19446.

7.      Defendant ECI, LLC is a Pennsylvania limited liability company with its principal

place of business at 240 Farmview Dr., Harleysville, PA 19438.

8.      On or about March 31, 2014, Plaintiff filed its petition as a small business debtor

under Chapter 11 of the Bankruptcy Code ("Petition Date").

9.      In 2009, Plaintiff and its principal, Anthony G. Campisi ("Campisi") filed suit against

Cornerstone in the Court of Common Pleas of Montgomery County, Case No. 09-25147 ("Lawsuit").

10.     Campisi was a partial owner of Cornerstone; his ownership interest was capitalized entirely by Plaintiff.

11.     On December 12, 2011, Debtor, Campisi and Cornerstone entered into an agreement to settle the Lawsuit.

12.     The settlement was in the nature of a buy-out of Campisi's ownership interest in Cornerstone.

13.     Cornerstone owes Plaintiff and/or Campisi approximately $143,000.00 pursuant to the Settlement Agreement ("Cornerstone Receivable").

14.     On or about August 20, 2013, ECI obtained a judgment against Plaintiff in the Court of Common Pleas for Montgomery County, Pennsylvania, Case Number 2011-12517, in the amount of $174,047.35 ("Judgment").

15.     On or about August 20, 2013, ECI filed and served a writ of execution with interrogatories upon Cornerstone.

16.     To date, Cornerstone has paid approximately $18,000 to ECI under such writ of execution.

17.     On or about September 10, 2014, this Court entered an Order providing that the automatic stay is in effect as to Plaintiff's share of the Cornerstone Receivable and that ECI is prohibited from making any attempts to collect from Plaintiff's share of the Cornerstone Receivable, Docket #142 ("Order Imposing Stay").

18.     The Court did not make any determination regarding the division of the receivable or how much of the receivable is property of Plaintiff and how much is property of Campisi individually.

19.     On or about September 18, 2014, Thomas Maloney, counsel for Cornerstone in the Lawsuit, sent a letter to counsel for ECI advising that Cornerstone would not be releasing any funds

to ECI based upon the Order Imposing Stay, as such Order was not specific regarding the percentage of Plaintiff's ownership of the Cornerstone Receivable.

20.    On or about October 6, 2014, ECI filed a writ of execution in the Lawsuit against Sovereign Bank, where Cornerstone holds its bank accounts ("Sovereign Writ").

21.    Because Cornerstone is potentially liable as a garnishee under Pennsylvania law, it has refused to turnover any of the Cornerstone Receivable payments to the Debtor.

22.    Plaintiff asserts that it is the sole owner of the rights to the Cornerstone Receivable, as Plaintiff capitalized Campisi's ownership interest in Cornerstone.

23.    Plaintiff demands that Cornerstone turn over and pay to Plaintiff any and all future payments due under the agreement underlying the Cornerstone Receivable.

**COUNT I – DEMAND FOR TURNOVER OF ESTATE ASSETS UNDER 11 U.S.C. § 541(a)**

24.    Pursuant to 11 U.S.C. § 541(a), property of the bankruptcy estate includes all legal and equitable interests the debtor has in any property as of the commencement of the bankruptcy case.

25.    Pursuant to 11 U.S.C. § 542, property of the estate must be turned over to the estate.

26.    The Cornerstone Receivable is property of Plaintiff's bankruptcy estate, as such receivable is held jointly by Plaintiff and Plaintiff's principal, Anthony Campisi, and Plaintiff is entitled to the entire receivable by virtue of its capitalization of Plaintiff's interest in Cornerstone.

27.    Plaintiff files this case to determine the Estate's share of the receivable, which Plaintiff avers is the entire receivable based upon Plaintiff's capitalization of Campisi's share in Cornerstone.

**WHEREFORE**, Plaintiff requests that this Court enter Judgment in favor of Plaintiff awarding the entire Cornerstone Receivable to Plaintiff, and ordering whatever other and further relief the Court deems just and equitable.

Respectfully submitted,


   */s/ Dimitri L. Karapelou*
Dimitri L. Karapelou, Esquire
Rebecca K. McDowell, Esquire
Law Offices of Dimitri L. Karapelou, LLC
2 Penn Center
1500 JFK Blvd., Suite 920
Philadelphia, PA 19102
(215) 391-4312

**Dated: November 5, 2014**