```
                          United States Bankruptcy Court
                          Eastern District of Pennsylvania
Campisi Construction, Inc.,
          Plaintiff                                          Adv. Proc. No. 14-00616-jkf
ECI, LLC,
          Defendant
```

# CERTIFICATE OF NOTICE

```
District/off: 0313-2         User: Virginia             Page 1 of 1             Date Rcvd: May 01, 2017
                             Form ID: pdf900            Total Noticed: 6


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 03, 2017.
ust           +BRENDA D. GISH,   Office of United States Trustee - U.S. D,   Federal Building,
               228 Walnut Street, 11th Floor,    Harrisburg, PA 17101-1714
pla           +Campisi Construction, Inc.,   2106 Bustard Road,   Lansdale, PA 19446-5702

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
ust           +E-mail/Text: ustpregion03.ph.ecf@usdoj.gov May 02 2017 03:29:25     Frederic J. Baker,
               Office of United States Trustee,   833 Chestnut Street,   Suite 500,
               Philadelphia, PA 19107-4405
ust           +E-mail/Text: USTPRegion03.WL.ECF@USDOJ.GOV May 02 2017 03:29:25     SHAKIMA L. DORTCH,
               U.S. Dept. of Justice - U.S. Trustee,   844 N. King Street,   Suite 2207,
               Wilmington, DE 19801-3519
ust           +E-mail/Text: USTPRegion03.HA.ECF@USDOJ.GOV May 02 2017 03:29:26     United States Trustee,
               228 Walnut Street, Suite 1190,   Harrisburg, PA 17101-1722
ust           +E-mail/Text: ustpregion03.ph.ecf@usdoj.gov May 02 2017 03:29:25     United States Trustee,
               Office of the U.S. Trustee,   833 Chestnut Street,   Suite 500,   Philadelphia, PA 19107-4405
                                                                                                TOTAL: 4

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                           TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 03, 2017                                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 1, 2017 at the address(es) listed below:
          DAVID A. PECKMAN    on behalf of Defendant   ECI, LLC david@peckmanlaw.com
          DIMITRI L. KARAPELOU    on behalf of Plaintiff   Campisi Construction, Inc.
           dkarapelou@karapeloulaw.com, dkarapeloulaw.com
          EDWARD J. DIDONATO    on behalf of Trustee Terry P. Dershaw edidonato@foxrothschild.com,
           brian-oneill-fox-5537@ecf.pacerpro.com
          JOHN C. KILGANNON    on behalf of Defendant    Cornerstone Consulting Engineers & Architectural,
           Inc. jck@stevenslee.com
          REBECCA K. MCDOWELL    on behalf of Plaintiff   Campisi Construction, Inc.
           rmcdowell@karapeloulaw.com, kcollins@slgcollect.com
          THOMAS J. MALONEY    on behalf of Defendant    Cornerstone Consulting Engineers & Architectural,
           Inc. tmsherwood421@aol.com
          THOMAS P. MULDOON, Jr.    on behalf of Defendant    ECI, LLC tpm@fsm-law.com
          Terry P. Dershaw    , PA66@ecfcbis.com;7trustee@gmail.com
                                                                                               TOTAL: 8
```

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CAMPISI CONSTRUCTION, INC., | : | |
| | : | Case No. 14-12458 (JKF) |
| Debtor. | : | |

| | | |
|---|---|---|
| Campisi Construction, Inc. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adv. Pro. No. 14-00616 (JKF) |
| | : | |
| ECI, LLC | : | |
| | : | |
| Defendant, | : | |
| | : | |
| and | : | |
| | : | |
| Cornerstone Consulting Engineers & Architectural, Inc. | : | |
| | : | |
| Defendant. | : | |

## ORDER ENFORCING AND APPROVING SETTLEMENT AGREEMENT

**AND NOW**, this _____ day of _____, 2017, upon consideration of the *Motion of Cornerstone Consulting Engineers & Architectural, Inc. to Enforce and Approve Settlement Agreement Between Chapter 7 Trustee, ECI, LLC And Cornerstone Consulting Engineers & Architectural, Inc.* (the "Settlement Motion"),[1] and any response thereto, which responses and objections are hereby overruled, and after proper notice and opportunity to be heard provided to all creditors and parties in interest, and good and sufficient cause for granting the relief requested in the Settlement Motion, and it appearing that the settlement would be in the best interests of the bankruptcy estate and all parties in interest, it is hereby:

---

[1] The capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Motion.

04/26/2017 SL1 1456780v2 110237.00001

**ORDERED** that the Settlement Motion **GRANTED** in its entirety and the Settlement Agreement is authorized and approved; and it is further

**ORDERED** that the funds in the amount of $10,826.58 attached under the Santander Attachment are to be released to ECI within ten days after the attachment is dissolved; and it is further

**ORDERED** that within ten days after the date of execution of the Settlement Agreement, Cornerstone shall pay to the Trustee the sum of One Hundred Ten Thousand Dollars ($110,000.00) (the "Settlement Payment"). The Settlement Payment shall be held in escrow by the Trustee until this Order becomes a final, non-appealable Order. At that time, the Trustee shall pay to ECI all funds agreed to between the Trustee and ECI pursuant to the March 16, 2016 Order [D.I. 511]; and it is further

**ORDERED** that this Court having found that the issuance of an injunction is necessary and appropriate to effectuate the compromise and settlement set forth in the Settlement Agreement and approved by this Order, pursuant to section 105(a) of the Bankruptcy Code, any and all persons or entities including, without limitation, Anthony G. Campisi, Campisi Construction, Inc., TS Environmental Contractors, Inc., Dad and Sons, Inc., George Campisi and Lynne Campisi, who have, or will hold, any claim, interest, defense or cause of action against John B. Anderson, Mark W. Metzgar, Lester M. Stein, David J. Spause and Sharon E. Spause in their individual capacities, and Cornerstone, Cougar Development Group, LLC and ECI, LLC, their respective officers, directors, shareholders, employees, members or representatives based upon, arising out of, or derived from, or attributable in any way to the Campisi State Litigation, ECI State Litigation, the State Litigation Settlement Agreement, ECI Judgment, the Adversary Proceeding, the Santander Attachment, the Garnished Funds, the ECI Proofs of Claim

2

(designated as Claim nos. 7,8 and 11) and the Cougar Development Group, LLC Proof of Claim (designated as claim no. 9) or the Garnishment Judgment, or any activities relating thereto, whenever or wherever arising or asserted, shall be, and hereby are, permanently stayed, restrained and enjoined from prosecuting, defending, continuing or commencing any such claim, interest, defense or cause of action against Cornerstone, Cougar Development Group, LLC or ECI, LLC, and/or their respective officers, directors, shareholders, employees, members and representatives and John B. Anderson, Mark W. Metzgar, Lester M. Stein, David J. Spause and Sharon E. Spause in their individual capacities; and it is further

      **ORDERED** that the Court shall retain jurisdiction over any proceeding that involves the validity or construction of the Settlement Agreement and/or this Order.

      **ORDERED** that ECI and the Trustee shall execute and deliver to Cornerstone the respective settlement documents attached to the Settlement Motion to be held in escrow by Cornerstone's counsel until the Settlement Payment is made and honored.

**Date: April 28, 2017**

                                                                    **JEAN K. FITZSIMON**
                                                                   **UNITED STATES BANKRUPTCY JUDGE**

04/26/2017 SL1 1456780v2 110237.00001

**SETTLEMENT AGREEMENT**

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE
## BETWEEN THE CHAPTER 7 TRUSTEE, ECI, LLC,
## AND CORNERSTONE CONSULTING ENGINEERS & ARCHITECTURAL, INC.

This Settlement Agreement and Mutual Release is entered into as of the 26 day of April, 2017 by and among Terry Dershaw, Chapter 7 Trustee ("Trustee") of the estate of debtor Campisi Construction, Inc. ("Debtor"), ECI, LLC ("ECI") and Cornerstone Consulting Engineers & Architectural, Inc. ("Cornerstone").

### Background

WHEREAS, on March 31, 2014, Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

WHEREAS, the chapter 11 case was subsequently converted to a case under Chapter 7 (the "Bankruptcy Case") by the Honorable Jean K. FitzSimon.

WHEREAS, subsequent to the conversion, the Trustee was appointed as the Chapter 7 trustee for the Debtor's bankruptcy estate.

WHEREAS, on or about December 10, 2002, Cornerstone was incorporated in the Commonwealth of Pennsylvania. John B. Anderson, Lester M. Stein, Mark W. Metzgar, and Anthony G. Campisi ("Mr. Campisi") were the shareholders of Cornerstone.

WHEREAS, Cornerstone is in the business of providing architectural and engineering services and promoting construction work to be performed by the Debtor. Mr. Campisi was a principal of the Debtor.

WHEREAS, on January 12, 2006, Mr. Campisi was removed from the Board of Directors of Cornerstone. On January 1, 2008, Mr. Campisi filed a Petition to Compel Inspection of Corporate Records pursuant to 15 Pa. C.S.A. § 1508(c) in the Court of Common Pleas of Montgomery County (the "State Court"), case number 2008-02053. The case was terminated on January 7, 2011, pursuant to Pa.R.C.P. 230.2.

WHEREAS, prior to the termination of the case, Mr. Campisi filed a civil complaint on or about August 8, 2009, in the State Court, case number 2009-25147 (the "Campisi State

04/26/2017 SL1 1409916v11 110237.00001

Litigation"). In the Campisi State Litigation, Mr. Campisi: (i) alleged that defendants breached their fiduciary duties to the corporation and Mr. Campisi; and (ii) demanded equitable relief in the form of: (a) a mandatory accounting by the defendants; (b) the appointment of a receiver *pendente lite*; and (c) the involuntary dissolution of the corporation.

WHEREAS, the Campisi State Litigation was resolved by written mutual release and settlement agreement (the "State Litigation Settlement Agreement"), whereby the defendants, Mr. Campisi, and Campisi Construction, Inc. settled and released all potential claims and counterclaims with the defendants.

WHEREAS, in consideration of resolution of the claims and counterclaims therein, the State Litigation Settlement Agreement required the defendants to pay $35,000.00 upon the execution of the agreement and an additional $215,000.00, which payments were to be made "payable to Anthony G. Campisi and Campisi Construction, Inc., in twenty four (24) equal payments, each due on a quarterly calendar basis (i.e., each three (3) months) commencing May 1, 2012" (the "Cornerstone Receivable").

WHEREAS, Cornerstone and its shareholders commenced regular payments pursuant to the State Litigation Settlement Agreement.

WHEREAS, ECI commenced litigation against the Debtor and Anthony G. Campisi in the State Court at Docket No. 2011 12517 (the "ECI State Litigation"). On August 20, 2013, the State Court entered a final judgment in favor of ECI, and against the Debtor and Anthony G. Campisi, in the amount of $174,047.35, plus $52.71 in daily post-judgment interest (the "ECI Judgment").

WHEREAS, ECI filed a proof of claim, designated as Claim No. 7, relative to the ECI Judgment.

WHEREAS, during and around the time the ECI Judgment was entered, disputes arose between Mr. Campisi, the Debtor, ECI, Cornerstone and Cornerstone's shareholders as to the proper allocation and distribution of the funds being paid pursuant to the State Litigation Settlement Agreement.

2

WHEREAS, ECI commenced efforts to levy and execute on the assets of Mr. Campisi and the Debtor to satisfy the ECI Judgment.

WHEREAS, in the ECI State Litigation, ECI attempted to garnish the settlement funds owed from Cornerstone and its shareholders under the State Litigation Settlement Agreement. On or about December 23, 2013, ECI obtained a judgment against Cornerstone, as a garnishee, (the "Garnishment Judgment"), in the amount of $161,250.00, while taking other actions to levy and execute upon assets of Cornerstone (collectively, the "ECI Garnishment Efforts").

WHEREAS, ECI thereafter levied and executed upon a Cornerstone bank account at Santander Bank seizing $10,826.58 (the "Santander Attachment"). Cornerstone and its shareholders also delivered payments to ECI in the amount of $18,000.00, to be credited against any amounts owed under the Settlement Agreement and against any garnishee judgment.

WHEREAS, in light of objections by Mr. Campisi and the Debtor, Cornerstone and its shareholders halted payments under the State Litigation Settlement Agreement pending direction from a Court of appropriate jurisdiction, and/or agreement of the parties, as to proper allocation and distribution of future payments under the State Litigation Settlement Agreement.

WHEREAS, on or about November 6, 2014, the Debtor instituted an adversary proceeding against Cornerstone and ECI under Adv. Pro. No. 14-616 (the "Adversary Proceeding") seeking determination as to the Debtor's interest in the Cornerstone Receivable. Following conversation of the case to a case under chapter 7, the Trustee succeeded to the Debtor's interest in the Adversary Proceeding.

WHEREAS, on December 12, 2014 Cornerstone filed an Answer in the Adversary Proceeding asserting, among other things, that Cornerstone was not in violation of the Settlement Agreement and that the ECI Garnishment Efforts were in violation of the automatic stay arising upon commencement of the Bankruptcy Case.

WHEREAS, the parties have engaged in negotiations to resolve the dispute over what amount, if any, remains payable under the State Litigation Settlement Agreement.

3

WHEREAS, ECI and the Trustee have resolved various claims between themselves, including a proper allocation between ECI and the bankruptcy estate of any funds paid pursuant to State Litigation Settlement Agreement.

WHEREAS, on March 9, 2016, Cornerstone filed a Proof of Claim, designated as Claim No. 36 (the "Cornerstone Claim") in the Bankruptcy Case asserting claims to recover attorneys' fees and costs incurred in responding to the garnishment and Adversary Proceeding.

WHEREAS, the parties hereto wish to resolve their disputes amicably upon the terms and conditions stated herein.

NOW, THEREFORE, in consideration of the premises recited above, which are incorporated herein by reference and are made a part of this Agreement, the mutual promises contained in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the Parties agree as follows.

## AGREEMENT

1. <u>Incorporation of Background</u>. The Recitals set forth above are incorporated into the Agreement.

2. <u>Settlement Payment</u>. Within ten days of the date of the execution of this Agreement, Cornerstone shall pay to the Trustee the sum of One Hundred Ten Thousand Dollars ($110,000.00)(the "Settlement Payment") in full satisfaction of any and all claims asserted in the Adversary Proceeding and all obligations due under the State Litigation Settlement Agreement and Garnishment Judgment. The Settlement Payment shall be held in escrow by the Trustee until the Order approving the Settlement Agreement becomes a final, non-appealable Order. At that time, the Trustee shall pay to ECI all amounts agreed to between the Trustee and ECI pursuant to the March 16, 2016 Order [D.I. 511].

4

3. <u>Conditions Precedent to Settlement Payment</u>. Cornerstone's obligation to make the Settlement Payment is made expressly conditioned upon the satisfaction of the following conditions (collectively, the "Conditions Precedent"):

(a) A motion to approve this Settlement Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019 (the "Settlement Motion") shall have been filed with the Bankruptcy Court and served upon all parties identified on the creditors' matrix;

(b) The Bankruptcy Court enters a final, non-appealable Order granting the Settlement Motion and approving the Settlement Agreement and issuing a permanent injunction enjoining the assertion of any and all claims, defenses or causes of action by any party including, without limitation, Anthony G. Campisi individually, Campisi Construction, Inc., George Campisi, Lynne Campisi, TS Environmental Contractors, Inc. and Dad and Sons, Inc. against Cornerstone and/or ECI and Cougar Development Group, LLC and their respective principals, shareholders, members, officers, directors, employees, members or representatives and John B. Anderson, Mark W. Metzgar, Lester M. Stein, David J. Spause and Sharon E. Spause in their individual capacities.

4. <u>Termination of Agreement.</u> This Agreement shall terminate and be of no force and effect and the parties shall be released from all obligations hereof if there is no Court approval of this Agreement and the Conditions set forth in paragraphs 3(a) and 3(b) above are not met by June 15, 2017 in which case each party shall be restored to its respective position existing prior to the execution of this Agreement and the Trustee shall promptly return the Settlement Payment to Cornerstone.

5. <u>Dismissal of Adversary Proceeding</u>. Within five (5) days after the Settlement Payment is paid in full and honored for payment, the Trustee shall file a Stipulation of Dismissal, in the form attached hereto as **Exhibit A**, to dismiss the Adversary Proceeding, with prejudice, pursuant to Federal Rule of Bankruptcy Procedure 7041.

6. <u>Satisfaction of Garnishment Judgment And Dissolution of Santander Attachment</u>. Upon approval of this Agreement, ECI shall file (i) a Praecipe, in the form attached hereto as

5

**Exhibit B**, dissolving the Santander Attachment with the $10,826.58 in proceeds being released to ECI within ten days from the filing of the Praecipe to dissolve the Santander Attachment; and (ii) upon receipt by ECI of the $10,826.58 and the Settlement Payment, ECI shall file a Praecipe, in the form attached hereto as **Exhibit C**, marking the Garnishment Judgment satisfied with all costs paid and ECI shall cease and desist all garnishment efforts against Cornerstone.

7. <u>Intentionally omitted</u>.

8. <u>Trustee's Release of Cornerstone and ECI</u>. The Trustee, on behalf of himself and the bankruptcy estate of the Debtor, and any person or entity claiming by or through them including, without limitation (and to the extent applicable) their administrators, attorneys, predecessors, successors and assigns and the heirs, executors, administrators, successors and assigns of any such person or entity, as releasees (hereinafter collectively referred to as the "Trustee Releasors"), hereby unconditionally remise, release and forever discharges Cornerstone and ECI and (to the extent applicable) its/their past and present officers, directors, shareholders, agents, parent corporation, subsidiaries, affiliates, trustees, administrators, attorneys, predecessors, successors and assigns and the heirs, executors, administrators, successors and assigns of any such person or entity, as releasees (hereinafter collectively referred to as the "Cornerstone/ECI Releasees"), of and from any and all manner of actions, causes of action, suits, debts, dues, accounts, bonds, covenants, contracts, agreements, promises, warranties, guaranties, representations, liens, mechanics' liens, judgments, claims, counterclaims, crossclaims, defenses, claims for damages (whether direct or indirect, consequential, special, exemplary, or punitive) and/or demands whatsoever, whether now known or unknown, past or present, asserted or unasserted, contingent or liquidated, at law or in equity, or resulting from any assignment, if any (hereinafter collectively referred to as the "Cornerstone/ECI Trustee Claims"), which any of the Releasors ever had, now have, or may have against any of the Releasees, for or by reason of any cause, matter or thing whatsoever, arising from the beginning of time to the date of execution of this Agreement. The Trustee Releasors each hereby represent and warrant that it/they have not assigned, pledged, hypothecated and/or otherwise divested itself/themselves and/or encumbered all or any part of the Trustee Claims being released hereby. Provided, however, that nothing in

6

this Paragraph shall be construed to limit the rights of Trustee Releasors to raise claims concerning the non-implementation or mis-implementation of this Settlement Agreement.

9. <u>Cornerstone's and ECI's Release of Trustee</u>. Cornerstone and ECI, on behalf of themselves and any person or entity claiming by or through them including, without limitation (and to the extent applicable) their administrators, attorneys, predecessors, successors and assigns and the heirs, executors, administrators, successors and assigns of any such person or entity, as releasees (hereinafter collectively referred to as the "Cornerstone/ECI Releasors"), hereby unconditionally remise, release and forever discharges the Trustee and (to the extent applicable) its/their past and present trustees, administrators, attorneys, predecessors, successors and assigns and the heirs, executors, administrators, successors and assigns of any such person or entity, as releasees (hereinafter collectively referred to as the "Trustee Releasees"), of and from any and all manner of actions, causes of action, suits, debts, dues, accounts, bonds, covenants, contracts, agreements, promises, warranties, guaranties, representations, liens, mechanics' liens, judgments, claims, counterclaims, crossclaims, defenses, claims for damages (whether direct or indirect, consequential, special, exemplary, or punitive) and/or demands whatsoever, whether now known or unknown, past or present, asserted or unasserted, contingent or liquidated, at law or in equity, or resulting from any assignment, if any (hereinafter collectively referred to as the "Cornerstone/ECI Claims"), which any of the Cornerstone/ECI Releasors ever had, now have, or may have against any of the Trustee Releasees, for or by reason of any cause, matter or thing whatsoever, arising from the beginning of time to the date of execution of this Agreement. The Cornerstone/ECI Releasors each hereby represent and warrant that it/they have not assigned, pledged, hypothecated and/or otherwise divested itself/themselves and/or encumbered all or any part of the Cornerstone/ECI Claims being released hereby. Provided, however, that nothing in this Paragraph shall be construed to limit the rights of Cornerstone/ECI Releasors to raise claims concerning the non-implementation or mis-implementation of this Settlement Agreement or otherwise release, impair or discharge any obligations or distributions relating to the Cornerstone Claim.

10. <u>ECI Release of Cornerstone</u>. ECI, on behalf of itself and any person or entity claiming by or through them including, without limitation (and to the extent applicable) their

7

administrators, attorneys, predecessors, successors and assigns and the heirs, executors, administrators, successors and assigns of any such person or entity, as releasees (hereinafter collectively referred to as the "ECI Releasors"), hereby unconditionally remise, release and forever discharges Cornerstone and (to the extent applicable) its/their past and present officers, directors, shareholders, agents, parent corporation, subsidiaries, affiliates, trustees, administrators, attorneys, predecessors, successors and assigns and the heirs, executors, administrators, successors and assigns of any such person or entity, as releasees (hereinafter collectively referred to as the "Cornerstone Releasees"), of and from any and all manner of actions, causes of action, suits, debts, dues, accounts, bonds, covenants, contracts, agreements, promises, warranties, guaranties, representations, liens, mechanics' liens, judgments, claims, counterclaims, crossclaims, defenses, claims for damages (whether direct or indirect, consequential, special, exemplary, or punitive) and/or demands whatsoever, whether now known or unknown, past or present, asserted or unasserted, contingent or liquidated, at law or in equity, or resulting from any assignment, if any (hereinafter collectively referred to as the "ECI Claims"), which any of the ECI Releasors ever had, now have, or may have against any of the Cornerstone Releasees relating to or arising out of any matter set forth in this Settlement Agreement including, without limitation, any claim or cause of action that was or could have been asserted in the Campisi State Litigation, State Litigation Settlement Agreement, ECI State Litigation, ECI Judgment, Garnishment Judgment, ECI Garnishment Efforts, Santander Attachment and Adversary Proceeding. The ECI Releasors each hereby represent and warrant that it/they have not assigned, pledged, hypothecated and/or otherwise divested itself/themselves and/or encumbered all or any part of the ECI Claims being released hereby. Provided, however, that nothing in this Paragraph shall be construed to limit the rights of ECI Releasors to raise claims concerning the non-implementation or mis-implementation of this Settlement Agreement. Nothing in this Agreement shall be construed to limit ECI from pursing any and all available remedies that ECI may have to collect the full amount of its judgment against any parties other than the Cornerstone Releasees.

11. <u>Cornerstone Release of ECI</u>. Cornerstone, on behalf of itself and any person or entity claiming by or through them including, without limitation (and to the extent applicable) their administrators, attorneys, predecessors, successors and assigns and the heirs, executors,

8

administrators, successors and assigns of any such person or entity, as releasees (hereinafter collectively referred to as the "Cornerstone Releasors"), hereby unconditionally remise, release and forever discharge ECI and (to the extent applicable) its/their past and present officers, directors, shareholders, agents, parent corporation, subsidiaries, affiliates, trustees, administrators, attorneys, predecessors, successors and assigns and the heirs, executors, administrators, successors and assigns of any such person or entity, as releasees (hereinafter collectively referred to as the "ECI Releasees"), of and from any and all manner of actions, causes of action, suits, debts, dues, accounts, bonds, covenants, contracts, agreements, promises, warranties, guaranties, representations, liens, mechanics' liens, judgments, claims, counterclaims, crossclaims, defenses, claims for damages (whether direct or indirect, consequential, special, exemplary, or punitive) and/or demands whatsoever, whether now known or unknown, past or present, asserted or unasserted, contingent or liquidated, at law or in equity, or resulting from any assignment, if any (hereinafter collectively referred to as the "Cornerstone Claims"), which any of the Cornerstone Releasors ever had, now have, or may have against any of the ECI Releasees relating to or arising out of any matter set forth in this Settlement Agreement including, without limitation, any claim or cause of action that was or could have been asserted in the Campisi State Litigation, State Litigation Settlement Agreement, ECI State Litigation, ECI Judgment, Garnishment Judgment, ECI Garnishment Efforts, Santander Attachment and Adversary Proceeding. The Cornerstone Releasors each hereby represent and warrant that it/they have not assigned, pledged, hypothecated and/or otherwise divested itself/themselves and/or encumbered all or any part of the Cornerstone Claims being released hereby. Provided, however, that nothing in this Paragraph shall be construed to limit the rights of the Cornerstone Releasors to raise claims concerning the non-implementation or mis-implementation of this Settlement Agreement.

12. The Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Settlement Agreement.

13. The Parties shall each bear their respective attorneys' fees and costs relating to the costs associated with the Adversary Proceeding and the settlement negotiations and implementation of this Settlement Agreement.

9

14. The Parties hereto have read all of the foregoing and represent that this Settlement Agreement has been explained to them by their respective legal counsel, and that each understands all of the provisions hereto.

15. The Parties agree that facsimile and electronic signatures shall have the same force and effect as original signatures. This Settlement Agreement may be executed in counterparts and all counterparts so executed shall constitute one agreement which shall be binding on the Parties hereto.

16. The Parties hereby acknowledge that the terms of this Settlement Agreement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise, settlement and release of any and all claims disputed or otherwise, on account of the matters, facts, and damages above mentioned.

17. The parties to this Settlement Agreement declare that this represents their entire agreement, that no promise, inducement or agreement not expressly included in this Settlement Agreement has been made to the undersigned, and that the terms of this Settlement Agreement are contractual and not mere recitations.

18. Any amendments to this Settlement Agreement must be in writing and signed by all parties.

19. This Agreement shall be binding upon and inure to the benefit of the Parties and their respective successors, assigns, heirs, representatives, administrators and executors.

20. This Agreement shall be construed and governed by the laws of the Commonwealth of Pennsylvania, without respect to its law regarding conflicts of laws.

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be executed by themselves as of the date first mentioned above.

ECI, LLC

By: _____

Its: _Managing Member_

CORNERSTONE CONSULTING
ENGINEERS & ARCHITECTURAL, INC.

By: _____

Its: _COO_

Terry Dershaw

By: _____ on behalf of Trustee Dershaw 4/27/2017
~~Chapter 7 Trustee~~

11