IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAMPISI CONSTRUCTION, INC | : | BANKRUPTCY NO. 14-12458 |
| | : | |
| Debtor | : | CHAPTER 7 |

| | | |
|---|---|---|
| CAMPISI CONSTRUCTION, INC. | : | ADVERSARY NO. 14-00616 |
| | : | |
| Plaintiff | : | |
| v. | : | |
| | : | |
| ECI, LLC | : | |
| | : | |
| Defendant | : | |
| | : | |
| And | : | |
| | : | |
| CORNERSTONE CONSULTING ENGINEERS & | : | |
| ARCHITECTURAL, INC. | : | |
| | : | |
| Defendant | : | |

**MEMORANDUM OF LAW OF ECI, LLC AND COUGAR DEVELOPMENT GROUP, LLC IN OPPOSITION TO MOTION OF GEORGE CAMPISI, LYNNE CAMPISI, TS ENVIRONMENTAL CONTRACTORS, INC. AND DAD AND SONS, INC. TO VACATE ORDER ENTERED ON MAY 1, 2017 (DOCKET ENTRY #50)**

Following the hearing held on December 13, 2017, there are two issues before this Court: 1) Whether the Movant was afforded Due Process of the Law in the adjudication of the Cornerstone Motion? 2) Is the Motion at bar improperly before this Court as the Movant waived his right to relief as his Rule 60(b)(4) motion as it is untimely filed and a substitute for an appeal? It is suggested that the answers to both of these issues are in the affirmative and this Court should deny the relief requested for the reasons set forth herein.

## I.   PERTINENT PROCEDURAL AND FACTUAL BACKGROUND

On August 29, 2014, George Campisi filed a Proof of Claim in this bankruptcy matter in which he and Movant and his wife, Lynne Campisi, claimed a security interest in the Cornerstone Funds.   These Cornerstone Funds are the same funds which are subject to the Settlement Agreement which gave rise to the Order at bar.  This claim in the Cornerstone Funds was the basis for an objection filed by George Campisi to a settlement between ECI, LLC and the Chapter 7 Trustee, a matter which was heard and adjudicated by this Court in March 2016. George Campisi acted as agent for Lynne Campisi in the filing of the Proof of Claim[1] and in the objection to settlement.   On or about February 2, 2016, attorney Geri H. Gallagher, Esquire, entered her appearance on behalf of George Campisi and represented and litigated George Campisi's objection in March 2016.  As of the date of this filing, the record still reflects attorney Gallagher's representation of George Campisi. As part of the Electronic Case Filing System ("ECF"), effective as of the date of her appearance, notice of filings were and still are electronically emailed to attorney Gallagher, on behalf of her client, George Campisi.

On March 27, 2017, Cornerstone filed in both the Bankruptcy Action and the Adversary Proceeding a Motion to Enforce and Approve Settlement Agreement. [APDE # 45; BADE # 558]. In the "Certificate of Service," John C. Kilgannon, attorney for Cornerstone, states that he served "all parties receiving notice electronically via ECF" and all creditors listed on the creditors' matrix via regular mail. [BADE # 558-16; APDE # 45-16].  Therefore, notice was sent to creditor and Movant George Campisi personally at his residence and also to his counsel of record Geri H. Gallagher.  Notice was also sent to Anthony Campisi as well through his counsel of record, Matthew Nahrgang, Esquire.   The subsequent filings to the Cornerstone Motion,

---

[1] George Campisi's Proof of Claim was for the entire amount he and wife Lynne allegedly lent the debtor as opposed for just George Campisi's portion of the funds thus George acted as agent for his wife Lynne.

which included a notice that a hearing was held and that a proposed order was to be submitted under the Adversary Action were served in the manner provided by Rule 5(b) F. R. Civ. P., which included service upon attorney Gallagher and attorney Nahrgang amongst other parties via the ECF system.

## II. <u>DUE PROCESS HAS BEEN AFFORDED</u>

In regards to the Due Process arguments raised by Movants, Movants were afforded: 1) actual notice and service of the Cornerstone Motion and Notice of Motion, 2) actual notice of all subsequent filings related thereto in the Bankruptcy Matter, 3) actual notice ECI was seeking injunctive relief against Movants which relief was comparable to that which was entered in the May 1, 2017 Order at bar and 4) actual notice of the pendency of the May 1, 2017 Order. Additionally, Movants were afforded constructive notice of the May 1, 2017 Order prior to its entry and actual notice of the May 1, 2017 Order after its entry.  All notice was timely afforded to enable Movants opportunity to take action and be heard.   Movants, despite having been afforded opportunity to be heard have failed to take any timely action, which opportunity included coming back to this Court to seek relief from the Order after they became aware of its entry.

Due Process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co* ., 339 U. S. 306, 314 (1950). In *Mullane*, the United States Supreme Court set forth the constitutional requirements for notice of judicial proceedings to a potential party under the Fourteenth Amendment to the United States Constitution.  At a minimum due process requires that deprivation of life, liberty, or property by adjudication be preceded by notice and opportunity for a hearing appropriate to the nature of the

case. This is defined by our holding that 'The fundamental requisite of due process of law is the opportunity to be heard.' *Grannis v. Ordean*, 234 U.S. 385, 394, 34 S.Ct. 779, 783, 58 L.Ed. 1363.  Due process requires actual or constructive notice and an opportunity to be heard.  *See, e.g.*, *Cleveland Bd. of Educ. v. Loudermill*, **470 U.S. 532, 542, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985);** *Priority Products*, **793 F.2d at 300-01;** *KAB Trade*, **21 C.I.T. at 300**.

"Notice" is defined as:

A legal notification or warning that is delivered in a written format or through a formal <u>announcement</u>. An <u>individual</u> or party is considered liable if the party (1) has knowledge of the notice, (2) received the notice, (3) knows it through experience, (4) has knowledge with regards to an associate fact and (5) could have gained knowledge had an enquiry been undertaken.  **See** *Black's Law Dictionary*

Black's Law Dictionary defines *Constructive Notice* as:

*"1. knowledge that can be acquired by normal means. 2. news about court actions that is sufficient for all parties involved."*

With respect to service, what due process requires is simply stated.  Due process requires either a means of service "reasonably calculated to reach the intended recipient when sent," *Jones v. Flowers*, 547 U.S. 220, 226 (2006), *or* actual notice.  See *United Student Aid Funds, Inc. v. Espinosa*, **559 U.S. at 272 (2010)** (holding that "actual notice . . . more than satisfies . . . due process rights" because "due process does not require actual notice") (internal quotation marks omitted) (citation omitted). Accordingly, service of process rules do not control whether service satisfies due process; service that does not comply with a service of process rule will satisfy due process if actual notice is attained. *Id.*

Of significance, was that the Court had not committed itself to any formula achieving a balance between these interests in a particular proceeding or determining when constructive notice may be utilized or what test it must meet. The Court recognized a few general principles

in addressing the Due process arguments.  An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Milliken v. Meyer,* 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278, 132 A.L.R. 1357; *Grannis v. Ordean*, 234 U.S. 385, 34 S.Ct. 779, 58 L.Ed. 1363; *Priest v. Board of Trustees of Town of Las Vegas,* 232 U.S. 604, 34 S.Ct. 443, 58 L.Ed. 751; *Roller v. Holly*, 176 U.S. 398, 20 S.Ct. 410, 44 L.Ed. 520. The notice must be of such nature as reasonably to convey the required information, *Grannis v. Ordean*, supra, and it must afford a reasonable time for those interested to make their appearance, *Roller v. Holly*, supra, and cf. *Goodrich v. Ferris*, 214 U.S. 71, 29 S.Ct. 580, 53 L.Ed. 914. But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met the constitutional requirements are satisfied. 'The criterion is not the possibility of conceivable injury, but the just and reasonable character of the requirements, having reference to the subject with which the statute deals. *American Land Co. v. Zeiss*, 219 U.S. 47, 67, 31 S.Ct. 200, 207, 55 L.Ed. 82 (1911).  The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected or where conditions do not reasonably permit such notice, that the form chosen is not substantially less likely to bring home notice than other of the feasible and customary substitutes.

Applying *Mullane* in the context of the Bankruptcy Code is *United Student Aid Funds Inc. v. Espinosa,* 130 S. Ct. 1367 (March 23, 2010)[2], in which a unanimous Supreme Court held that a creditor who received actual notice of a Chapter 13 plan was bound by the discharge of a student loan debt there under even though the Bankruptcy Code (the Code) permits the discharge

---

[2]  The Espinosa court has made clear that due process for bankruptcy cases is defined by the standard of Mullane v. Central Hanover Bank & Trust Co.

of such debts only in cases of "undue hardship," and the bankruptcy court made no finding of undue hardship. The Supreme Court rejected the due process arguments and held that actual notice had been received and nothing more was needed to find that the decision was not void. While the process used was incorrect, such violations did not automatically void the decision. The Supreme Court recognized that a party who receives actual notice but is not vigilant cannot depend upon a claimed denial of due process to reclaim its rights. As such, if the issues were not raised within the time periods set by other portions of Rule 60(b), Rule 60(b)(4) could not be used to give the creditor an unlimited time to attack the judgment.

In *Espinosa*, the debtor filed a Chapter 13 plan under which he proposed to repay the principal amount of his student loan debt but to discharge the interest once the principal was repaid. The debtor did not, however, file an adversary proceeding to obtain a determination of undue hardship. The lender received notice of the debtor's Chapter 13 plan providing for the discharge of the interest but did not object to the plan and did not challenge the debtor's failure to file an adversary proceeding. The bankruptcy court confirmed the plan without making any finding concerning undue hardship. After the debtor paid the principal amount of the student loan pursuant to the plan, the court discharged the unpaid interest.

Several years later, the Department of Education (the DOE) sought to collect the interest. The debtor, in response, filed a motion with the bankruptcy court requesting that the court enforce the confirmation order by directing the DOE and the lender to cease their collection efforts. The lender opposed the debtor's motion and filed its own motion under Federal Rule of Civil Procedure 60(b)(4) seeking to have the confirmation order set aside as "void" on the grounds that the plan provision authorizing discharge of the student loan debt violated the Code

and Bankruptcy Rules and the debtor's failure to obtain an undue hardship determination through an adversary proceeding deprived the lender of due process.

The court first addressed the petitioner's argument that the debtor's failure to serve the lender with the summons and complaint required by an adversary proceeding resulted in inadequate notice in violation of the lender's right to due process. Citing its 1950 decision in *Mullane v. Central Hanover Bank & Trust Co*., the court held that the actual notice of the debtor's intention to discharge the student loan interest that the lender received through the court's sending it a copy of the debtor's plan "more than satisfied" the requirements of due process. The Supreme Court held that the bankruptcy court's failure to make an undue hardship finding was, indeed, a legal error. Nevertheless, the confirmation order was "enforceable and binding on [the lender] because [it] had actual notice of the error and failed to object or timely appeal." The Court rejected the lender's argument that it had no duty to object to the debtor's plan until the debtor filed an adversary proceeding as dictated by the Bankruptcy Rules. "Rule 60(b)(4) does not provide a license for litigants to sleep on their rights."

Furthermore, the Court has recognized that no due process issue arises where actual notice was received. *City of West Covina v. Perkins,* 525 U.S. 234, 241 (1999)(Individual received actual notice of property seizure, "Accordingly, we need not decide how detailed the notice of the seizure must be or when the notice must be given."); *National Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315 (1964)("we need not and do not in this case reach the situation where no personal notice has been given to the defendant. Since the respondents did in fact receive complete and timely notice of the lawsuit pending against them, no due process claim has been made. The case before us is therefore quite different from cases where there was no actual notice . . ."); *Nelson v. City of New York*, 352 U.S. 103, 107 (1956)(no due process issue where

actual notice received, but was concealed by employee, and where managing agent carelessly overlooked notice).

The issue normally is whether the notice given comported with the due process clause even though not actually received. See, *Andersen v. UNIPAC-NEBHELP*, 179 F.3d 1253 (10th Cir. 1999)(The lender received actual notice. "Therefore, it appears that due process has been afforded.") ; *In re Pence,* 905 F.2d 1107, 1109 (7th Cir.1990)(Chapter 13 case) "Due process does not always require formal, written notice of court proceedings; informal actual notice will suffice."); *Burda Media, Inc. v. Viertel,* 417 F.3d 292, 302-303 (2d Cir. 2005)(due process requirement of *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306(1950) satisfied by actual notice even though service in foreign country did not comply with Hague Convention); *United States v. Casciano*, 124 F.3d 106, 112-113 (2d Cir. 1997) cert. den. (1997)(due process requirement of notice of protection order satisfied by actual notice even though service was invalid); *Sullivan v. Choquette,* 420 F.2d 674, 676 (1st Cir. 1969) cert. den. (1970) (service of process of writ improper but due process satisfied by wife informing party of its existence)

Applying the law to the case at hand, George Campisi and the Movants through George Campisi [3] have received: 1) actual notice of the Cornerstone Motion, Notice of Motion and associated filings on at least seven (7) different occasions prior to the entry of the Order at bar, 2) actual notice ECI was seeking injunctive relief against Movants which relief was comparable to that which was entered in the May 1, 2017 Order at bar, 3) notice on at least three (3) different occasions of the pendency of the May 1, 2017 Order of which one notice included a copy of the

---

[3] As will be discussed infra, notice to George Campisi is notice to all Movants.  George Campisi is the principal and owner of Movants Dad and Sons, Inc. and TS Environmental Contractors, Inc.  Additionally, George Campisi has acted as agent in matters before this Court on behalf of his wife and Movant Lynne Campisi.

Order itself and 4) both actual notice and constructive notice of the May 1, 2017 Order after its entry. All these notices were either directly afforded to George Campisi or to him through his counsel of record, attorney Geri H. Gallagher, Esquire, via electronic e-mail as part of the Electronic Filing System process via the Clerk of Courts. All notices were provided in sufficient time to afford Movants the opportunity to be heard. Notably and what will serve in supporting that at a minimum, constructive notice was afforded Movants, the Cornerstone Motion as well as the Notice of Motion, which included a response date and hearing date, was filed in **both** the Bankruptcy Case (14-12458) as well as in the Adversary Proceeding (14-00616). In addition to that, actual notice was provided to Movants that a hearing was held on the Cornerstone Motion and that a revised order was to be submitted under the Adversary Proceeding. Mullane says that the reasonableness of notice is also measured by whether it is of a kind which would be chosen by one "desirous of actually giving notice." ***Mullane, supra***, 339 U.S. at 315. George Campisi should have had a heighten awareness of any action with respect to the Cornerstone Funds as he had filed a Proof of Claim asserting that he and Movant and wife, Lynne Campisi had a security interest in the same Cornerstone Funds. Clearly, these notices would have led any party who was interested in this action to information sufficient enough to inform one of the actions taken place.

  ***Espinosa*** stands for the idea that once a party is on notice, that party needs to be vigilant with respect to **<u>not only</u>** the matter noticed but all subsequent actions resulting from the action noticed. This same idea and principal the Supreme Court held in ***Espinosa*** applies in the matter at bar.

  To assist the Court in determining that due process has been afforded, the following tables were compiled showing the date, type of Notice afforded the Movants through George

Campisi and/or his attorney, what opportunities to be heard were afforded and Movants'
resultant actions.

On at least eight (8) different occasions prior to the entry of the Order at bar, the record in
this matter reflects that George Campisi, either directly or through counsel, was afforded notice
of the Cornerstone Motion.  The following is a table of said notices.

### NOTICES AS TO CORNERSTONE MOTION TO APPROVE SETTLEMENT

| Doc # | Date | Party Noticed | Action(s) Noticed / Opportunity to Be Heard Afforded / Actions Taken |
|---|---|---|---|
| BADE 558 | March 27, 2017 | Actual Notice by way of actual service was sent to George Campisi as a creditor at his personal residence 2102 Bustard Road, Lansdale PA 19446 | **Actions Noticed:** Cornerstone's Motion to Approve and Enforce Settlement Agreement and Notice of Motion. The Motion clearly indicated it was also filed in the Adversary Action 14-616. **Opportunity Afforded**: 1) Object to Motion, 2) Reply of No Objection, 3) Enter appearance in Adversary Action, 4) Reply reserving rights. **Actions Taken:** None |
| BADE 558 | March 27, 2017 | Actual Notice to George Campisi thru Attorney Gallagher via ECF | **Actions Noticed:** Cornerstone's Motion to Approve and Enforce Settlement Agreement and Notice of Motion. The Motion clearly indicated it was also filed in the Adversary Action 14-616. **Opportunity Afforded**: 1) Object to Motion, 2) Reply of No Objection, 3) Enter appearance in Adversary Action, 4) Reply reserving rights. **Actions Taken:** None |
| BADE 558-16 Certificate of Service by Cornerstone Atty Kilgannon | March 27, 2017 | Actual Notice to George Campisi thru Attorney Gallagher via ECF | **Actions Noticed:** Certificate of Service for Cornerstone's Motion to Approve and Enforce Settlement Agreement. The Motion clearly indicated it was also filed in the Adversary Action 14-616. **Opportunity Afforded**: 1) Object to Motion, 2) Reply of No Objection, 3) Enter appearance in Adversary Action, 4) |

Reply reserving rights.
**Actions Taken:** None

| | | | |
|---|---|---|---|
| BADE 559 | March 27, 2017 | Actual Notice to George Campisi thru Attorney Gallagher via ECF | **Actions Noticed:** Notice of Motion regarding Cornerstone's Motion to Approve and Enforce Settlement Agreement. The Notice clearly indicated the Motion was also filed in the Adversary Action 14-616. **Opportunity Afforded**: 1) Object to Motion, 2) Reply of No Objection, 3) Enter appearance in Adversary Action, 4) Reply reserving rights. **Actions Taken:** None |
| BADE 560 | April 11, 2017 | Actual Notice to George Campisi thru Attorney Gallagher via ECF | **Actions Noticed:** Anthony Campisi's Response to Cornerstone Motion **Opportunity Afforded**: 1) Object to Motion, 2) Reply of No Objection, 3) Enter appearance in Adversary Action, 4) Reply reserving rights. **Actions Taken:** None |
| BADE 561 | April 14, 2017 | George Campisi thru Attorney Gallagher via ECF | **Actions Noticed:** Objection of ECI to Cornerstone Motion. ECI's objection ¶22 gives notice that a new term was being negotiated between ECI and Cornerstone that being "… additional parties were to be enjoined from bringing action against ECI…" Notably, the Settlement Agreement ECI asserts ECI and Cornerstone reached terms on was attached to the Objection as Exhibit "E" thereto. **Significantly, ¶3(b) therein provided notice that ECI was seeking a permanent injunction enjoining the assertion of any and [all] claims or causes of action by any party, … against ECI …"** Attached as Exhibit "A" is ECI's Objection (Doc #561) and the Objection's Exhibit "E" (Doc #561-5). **Opportunity Afforded**: 1) Object to Motion, 2) Reply of No Objection, 3) |

| | | | |
|---|---|---|---|
| | | | Enter appearance in Adversary Action, 4) Reply reserving rights.<br>**Actions Taken:** None |
| BADE 562 | April 25, 2017 | George Campisi thru Attorney Gallagher via ECF | **Actions Noticed:** Praecipe of Anthony Campisi to withdraw his Response to Cornerstone Motion<br>**Opportunity Afforded**:  1) Object to Motion, 2) Reply of No Objection, 3) Enter appearance in Adversary Action, 4) Reply reserving rights.<br>**Actions Taken:** None |
| BADE 563 | April 26, 2017 | George Campisi thru Attorney Gallagher via ECF | **Actions Noticed:** Hearing held on Cornerstone Motion, **revised** order to be submitted clearly noting to "See Adversary [Action] 14-616".<br>**Opportunity Afforded**:  1) Inquire as to details of proposed order, 2) Enter appearance in Adversary Action, 3) Monitor and watch adversary docket.<br>**Actions Taken:** None |

Attached as **Exhibit "B"** are the afore-referenced notices.[4]

On at least two (2) different occasions prior to the entry of the Order at bar, the record in this matter reflects that George Campisi, either directly or through counsel, was afforded notice of injunctive relief language which would impede his rights and the rights of all Movants.

## NOTICES THAT INJUNCTIVE RELIEF WAS BEING SOUGHT PRIOR TO ENTRY OF ORDER

| | | | |
|---|---|---|---|
| BADE #561 | April 14, 2017 | Actual Notice to George Campisi thru Attorney Gallagher via ECF | **Actions Noticed:** Objection of ECI to Cornerstone Motion. Attached as **Exhibit "A".**  ECI's objection ¶22 gives notice that a new term was being negotiated between ECI and Cornerstone that being "… additional parties were to be enjoined from bringing action against ECI…" Notably, the Settlement Agreement ECI |

---

[4] The Certificate of Service is referenced and discussed *infra* and is attached as Exhibit "G".

asserts ECI and Cornerstone reached terms on was attached to the Objection as Exhibit "E" thereto**. Significantly, ¶3(b) therein provided notice that ECI was seeking a permanent injunction enjoining the assertion of any and [all] claims or causes of action by any party, … against ECI …"** Attached as Exhibit "A" is ECI's Objection (Doc #561) and the Objection's Exhibit "E" (Doc #561-5).
**Opportunity Afforded**: 1) Object to Motion, 2) Reply of No Objection, 3) Enter appearance in Adversary Action, 4) Reply reserving rights.
**Actions Taken:** None

| | | | |
|---|---|---|---|
| APDE #48 | April 26, 2017 | George Campisi thru Attorney Gallagher via ECF | **Actions Noticed:** Proposed revised Order entered on docket which is the May 1, 2017 Order at bar.<br>**Opportunity Afforded**: 1) Inquire as to details of proposed order, 2) Enter appearance in Adversary Action, 3) Object to proposed revised order.<br>**Actions Taken:** None |

### NOTICES AS TO THE MAY 1, 2017 ORDER AND SETTLEMENT AGREEMENT PRIOR TO ENTRY

On at least three (3) different occasions prior to the entry of the Order at bar, the record reflects that George Campisi, either directly or through counsel, was afforded notice of May 1, 2017 Order prior to its entry.  The following is a table of said notices

| Doc # | Date | Party Noticed | Action(s) Noticed / Opportunity to Be Heard Afforded / Actions Taken |
|---|---|---|---|
| BADE 563 | April 26, 2017 | Actual Notice to George Campisi thru Atty Gallagher via ECF | **Actions Noticed:** Hearing held on Cornerstone Motion, **revised** order to be submitted clearly noting to "See Adversary [Action] 14-616".<br>**Opportunity Afforded**: 1) Inquire as to details of proposed order, 2) Enter appearance in Adversary Action, 3) Monitor and watch adversary docket, 4) Object on grounds that Movants did not partake in hearing.<br>**Actions Taken:** None |

| APDE 49 | April 26, 2017 | Actual Notice to George Campisi thru Atty Gallagher | **Actions Noticed:** Hearing held on Cornerstone Motion, **revised** order to be submitted clearly noting to "See Adversary [Action] 14-616". **Opportunity Afforded**:  1) Inquire as to details of proposed order, 2) Enter appearance in Adversary Action, 3) Monitor and watch adversary docket. **Actions Taken:** None |
| --- | --- | --- | --- |
| ADPE 48 | April 26, 2017 | Notice to George Campisi thru Atty Gallagher | **Actions Noticed:** Proposed revised Order entered on docket. **Opportunity Afforded**:  1) Inquire as to details of proposed order, 2) Enter appearance in Adversary Action, 3) Object to proposed revised order. **Actions Taken:** None |

## NOTICES AS TO THE MAY 1, 2017 ORDER AND SETTLEMENT AGREEMENT AFTER ENTRY

On at least eight (8) different occasions after the entry of the Order at bar, George Campisi, either directly or through counsel, was afforded notice of May 1, 2017 Order.  The following is a table of said notices.

| **Doc #** | **Date** | **Party Noticed** | **Action(s) Noticed / Opportunity to Be Heard Afforded / Actions Taken** |
| --- | --- | --- | --- |
| ADPE 50 | May 1, 2017 | Notice to George Campisi thru Atty Gallagher | **Actions Noticed:** The Courts entry of the Order. **Opportunity Afforded**:  1) Inquire as to details of order, 2) Enter appearance in Adversary Action, 3) Motion for reconsideration, 4) Appeal. **Actions Taken:** None |
| Email | May 26, 2017 | George Campisi directly | **Actions Noticed:** Notice of the May 1, 2017 Order and the order itself was electronically mailed to George Campisi by ECI's principal David J. Spause.  Attached as Exhibit "C" is the email. |
| Email | May 27, 2017 | George Campisi directly | **Opportunity Afforded**:  1) File motion to open appeal period. **Actions Taken:** None |

| | | | |
|---|---|---|---|
| | | | **Actions Noticed:** Anthony Campisi, on behalf of himself and TS responded to the May 26, 2017 Spause email of the Order which copied George Campisi, and, in summary, told Spause to go f*%# himself at least twice. Attached as Exhibit "D" is the response email. **Opportunity Afforded**: 1) File motion to open appeal period. **Actions Taken:** None |
| Email | June 2, 2017 | TS & George Campisi thru Atty Adam Sager (State court attorney) | **Actions Noticed:** ECI's state Court Attorney Robert Saraceni, Jr. emailed attorney Sager, attorney for TS, a copy of a state court Declaratory Judgment Action which notified attorney Sager of the May 1, 2017 Order and injunctive relief language in ¶31 therein. Attached as Exhibit "E" is the email and relevant excerpt from the Dec Judge Action and attorney Sager's response to the email which acknowledges the injunction. **Opportunity Afforded**: 1) File motion to open appeal period. **Actions Taken:** None |
| Email | June 27, 2017 | TS & George Campisi thru Atty Sager | **Actions Noticed:** Attorney Sager emailed attorney Saraceni once again specifically acknowledging the injunctive relief language in the May 1, 2017 Order. Attached as Exhibit "F" is the email. **Opportunity Afforded**: 1) File motion to open appeal period. **Actions Taken:** None |
| BADE 564 | July 28, 2017 | George Campisi Directly | **Actions Noticed:** Expedited Motion for Contempt of Court Order which included the May 1, 2017 Order seeking to be vacated. **Opportunity Afforded**: 1) File a motion under Rule 60(b) though it would be a substitute for an appeal and untimely. **Actions Taken:** None |

| BADE 564 | July 28, 2017 | TS & George Campisi thru Atty Nahrgang via ECF | **Actions Noticed:** Expedited Motion for Contempt of Court Order which included the May 1, 2017 Order seeking to be vacated. **Opportunity Afforded**: 1) File a motion under Rule 60(b) though it would be a substitute for an appeal and untimely. **Actions Taken:** None |
| BADE 564 | July 28, 2017 | George Campisi thru Atty Gallagher via ECF | **Actions Noticed:** Expedited Motion for Contempt of Court Order which included the May 1, 2017 Order seeking to be vacated. **Opportunity Afforded**: 1) File a motion under Rule 60(b) though it would be a substitute for an appeal and untimely. **Actions Taken:** None |

## George Campisi was Served the Cornerstone Motion, the Notice of Motion and the Order

Cornerstone's attorney, John Kilgannon, Esquire filed a "Certificate of Notice" on March 27, 2017, [BADE #558-16], certifying that he caused to have served the Cornerstone Motion, the Notice of Motion and the Order on all creditors identified on the creditor's matrix. Attached as Exhibit "G" is the Certificate of Service. George Campisi is on the Creditor's Matrix with a service address of 2102 Bustard Road, Lansdale, PA 19446, which is his and Lynne's home address. See page 6 of 14. Attached as Exhibit "H" is the Creditor's Matrix. The record clearly reflects that George Campisi was not only provided notice of the Cornerstone Motion but service as well. Notably, George Campisi does not deny receiving service or notice but simply states that he does not remember seeing the notice.[5] When a party effectuates service at an address listed in a proof of claim, due process is achieved. Teitelbaum v. Equitable Handbag Co. (In re Outlet Dep't Stores, Inc.), 49 B.R. 536, 540 (Bankr.S.D.N.Y.1985). -- *Ms. Interpret v. Rawe*

---

[5] Respondents assert that not remembering is not grounds for filing a motion to vacate let alone grounds to have the Order vacated for lack of due process.

*Druck—und—veredlungs—gmbh (In Re Ms. Interpret)*, 222 B.R. 409, 415 (Bank. S.D.N.Y.

1998).

### ECI's Objection to the Cornerstone Motion Afforded Notice to Movants that Injunctive Relief was Being Sought Against All Movants

Actual notice was afforded Movants in ECI's Objection to the Cornerstone Motion that

ECI and Cornerstone were seeking the Court to enter an Order with injunctive relief very

comparable to the relief in the Order at bar.   ¶3(b) of Exhibit "E" of ECI's Objection afforded

actual notice that ECI and Cornerstone, as part of their negotiations, were seeking as part of the

settlement agreement to have the Court issue **"… a permanent injunction enjoining the**

**assertion of any and all claims or causes of action by any party including, without**

**limitation, Anthony G. Campisi individually, T. S. Environmental Contractors, Inc.,**

**George Campisi and Lynne Campisi against  Cornerstone and/or ECI, LLC, and its**

**respective principals, shareholders, officers, directors, members, employees, attorneys or**

**representatives.**" See the ECI Objection and its attached Exhibit "E" which has previously been

attached as Exhibit "A".  [BADE #561]

This bankruptcy matter has been a contentious matter from the start.  George Campisi

was not insulated from this contentiousness as he had squarely inserted himself in the "battle"

with his company TS Environmental Contractors, Inc., by the filing of his Proof of Claim and

then again with his objection to the March 2016 ECI settlement with the Chapter 7 Trustee.  The

contentious history of this matter coupled with the fact that George Campisi and wife Lynne

claimed a security interest in the Cornerstone Funds should have been enough to put them on

high alert with respect to anything regarding the Cornerstone Funds, especially any position ECI

was taking.  Given the aforementioned and the fact that ECI asserted in its objection that an

agreement was reached with Cornerstone which included injunction relief enjoining all Movants,

once notice was afforded that a hearing was held and a revised order was to be submitted, George Campisi and therefore all Movants were afforded notice of the likelihood that the revised order was to contain injunction language which would impede their rights.

As stated *supra*, **Espinosa** stands for the idea that once a party is on notice, that party needs to be vigilant with respect to **not only** the matter noticed but all subsequent actions resulting from the action noticed.   This same idea and principal the Supreme Court held in **Espinosa** applies in the matter at bar.  Notably, this concept was reiterated by this Court in the hearing held on the ECI Motion for Contempt of Court Order [6].  Attached as Exhibit "I" is the transcript from that hearing.

## Notice to Attorney Gallagher is Notice to George Campisi

Attorney Gallagher at all relevant times represented and still represents George Campisi. As part of the Electronic Case Filing System ("ECF"), effective as of the date of her appearance, notices of filings are electronically emailed to attorney Gallagher, on behalf of her client, George Campisi.   Fed. R. Civ. P. 5(b)(1) mandates that attorney Gallagher be served the notices.  *See Fed. R. Civ. P. 5(b)(1) Serving an Attorney.* "If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." Attorney Gallagher, by signing up to use the ECF, agreed to accept notice by electronic mail. The United States District Court of Eastern Pennsylvania ECF account registration form states in pertinent part:

> ***By submitting this Account Registration Form, the undersigned agrees/consents to the following:*** *(Emphasis in original text)*

---

[6] The Contempt Motion  sought both Anthony Campisi and TS to be held in contempt of Court order.

3.      *In accordance with the provisions of Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure and Section 8 of the EFS Procedure, I agree that service may be given to me by electronic transmission ...*

5.      *I agree to waive the provisions of Rule 77(d) of the Federal Rules of Civil Procedure and Rule 49(c) .... And I consent that such notice may be served by electronic transmission in accordance with Section 14 of the EFS Procedures.*

When the e-filings on this case were made in the ECF system, the system emails all the registered counsel and "watchers" of that case.  This email is called Notice of Electronic Filing (or "NEF") and constitutes delivery of the documents(s) and Proof of Service to all the registered counsel.

As part of the Electronic Filing System, effective as of the date of her appearance and as enumerated above, notice of filings are electronically emailed to attorney Gallagher, on behalf of her client, George Campisi.

Any assertion that notice upon attorney Gallagher is not notice upon George Campisi certainly has no merit.  "Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney." *Link v. Wabash R. R. Co*., 370 U.S. 626, 634, 82 S. Ct. 1386, 1390 (1962). Citing *Smith v. Ayer,* 101 U.S. 320, 25 L.Ed. 955 (1879).  George Campisi voluntarily chose attorney Gallagher as his representative in the bankruptcy action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.

## Notice to George Campisi is Notice to Movants Dad and Sons, Inc. and TS Environmental Contractors, Inc.

George Campisi has, in prior matters before this Court, represented that he is the principal and owner of both Movant Dad and Sons, Inc. and Movant TS Environmental

Contractors, Inc.  Since due process is about notice and not service [7], notice to the principal and owner of Dad and Sons, Inc. and TS undoubtedly is notice to those Movants as well.  Likewise, notice to TS is notice to its principal George Campisi.

Movants Dad and Sons and TS were afforded due process as notice to their owner and principal, George Campisi, was "notice reasonably calculated, under all the circumstances, to apprise interested parties [Dad and Sons, Inc. and TS] of the pendency of the action and afford them an opportunity to present their objections."  ***Mullane v. Central Hanover Bank & Trust Co .***, 339 U. S. 306, 314 (1950).

## Notice to George Campisi is Notice to Movant Lynne Campisi

As stated *supra*, George Campisi, representing his and his wife and Movant Lynne Campisi's interest in this bankruptcy matter, on August 29, 2014 filed Proof of Claim (#22 on the claims registry) asserting a security interest in the Cornerstone Funds for the entire amount he and wife Lynne allegedly lent the debtor.   The Proof of Claim sought all notices to be sent to the residence of George and Lynne Campisi at 2102 Bustard Road, Lansdale, PA 19446. Cornerstone's attorney, John Kilgannon, filed a "Certificate of Notice" on March 27, 2017, [See BADE #558-16], certifying that he caused to have served the Cornerstone Motion, the Notice of Motion and the Order on all creditors identified on the creditor's matrix.  George Campisi is on the Creditor's Matrix with a service address of 2102 Bustard Road, Lansdale, PA 19446, which is his and Lynne's home address.

George Campisi then asserted that his and Lynne's security interest in the funds gave them standing to object to a settlement agreement between the Chapter 7 Trustee, ECI and

---

[7] Movants assert that the May 1, 2017 Order "… was never served upon any of the Movants."  See paragraph 11 of Movants Motion.

Cougar.   George Campisi subsequently provided testimony at a hearing before this Court. George Campisi undoubtedly was acting as agent for and on behalf of Lynne Campisi in these matters.   An agency relationship was established and exercised between and amongst George Campisi and his wife Lynne Campisi in this Bankruptcy Matter.   Notice to George Campisi is notice to Lynne Campisi, as Lynne Campisi cannot now conveniently assert that George is not her agent after having him represent her interest prior in this bankruptcy matter as she would be seeking to have her cake and eat it to.   Alternatively, notice to George Campisi, Lynne's husband, is constructive notice and/or imputed notice upon Lynne Campisi.

**Notice to Anthony Campisi is Notice to Movant TS Environmental Contractors, Inc.**

Anthony Campisi has been an employee of TS since the Debtor was in Chapter 11. Respondents incorporate by reference its filing titled: *"SUPPLEMENTAL MEMORANDUM OF LAW OF ECI, LLC AND COUGAR DEVELOPMENT GROUP, LLC IN OPPOSITION TO THE OCTOBER 11, 2017 Memorandum of Law in Support of Motion of Anthony G. Campisi To Vacate Order Entered On May 1, 2017 (Docket Entry #50)"*.   If this Court finds that Anthony Campisi was afforded notice, then TS has been afforded notice as Anthony was an employee of TS at all relevant times.   See ***Nelson v. City of New York***, 352 U.S. 103, 107 (1956) (no due process issue where actual notice received, but was concealed by employee, and where managing agent carelessly overlooked notice).

**Summary of Notices**

As demonstrated and detailed *supra*, Due Process has been afforded as:

1.) Actual notice of the Cornerstone Motion and Notice of Motion has been afforded to Movants directly through George Campisi as it was served upon him personally at his residence affording him an opportunity to object or otherwise be heard.  [BADE #558] [APDE #45]

2.) Actual notice of the Cornerstone Motion and Notice of Motion has been afforded to Movants directly through George Campisi as notice was afforded to his attorney of record, which afforded Movants an opportunity to be heard prior to the entry of the May 1, 2017 Order.  [BADE #558] [APDE #45]

3.) Actual notice was given in the Cornerstone Motion and Notice of Motion that actions were filed in the Bankruptcy Matter and the Adversary Proceeding.  This actual notice that actions were taking place in both the Bankruptcy Matter as well as the Adversary Proceeding constitutes constructive notice of all subsequent actions and filings in these matters.  The actual notice of actions in both matters deems both constructive notice and imputed notice of all subsequent filings in each matter in time for Movants to be heard.  [BADE #558] [APDE #45]

4.) Actual notice of the type of injunctive relief entered was afforded Movants in ECI's Objection to the Cornerstone Motion. As part of the parties negotiations, ECI and Cornerstone were seeking the Court to enter an Order with injunctive relief against **all** Movants very comparable to the relief in the Order at bar. See [BADE #561] This notice was in time for Movants to be heard.

5.) Actual notice was afforded Movants in ECI's Objection to the Cornerstone Motion that as part of the parties negotiations, ECI and Cornerstone were seeking the Court to enter an Order with injunctive relief very comparable to the relief in the Order at bar. This notice was in time for Movants to be heard.   [BADE #561]

6.) Notice that a hearing was held and that a revised order was to be submitted under the Adversary Action is due process as Movants after being afforded notice could have inquired as to the proposed order and objected to the proposed order prior its entry. [BADE #563] [APDE #49]

7.) Notice of the posting of the proposed order on the docket was not only for the Movants to see but for the world to view.  Upon its posting, Movants were afforded notice of the order and its contents and had the opportunity to object.  Instead of taking action, Movants did nothing.  [APDE #48]

8.) Notice of the Court's entry of the proposed order on the docket was not only for the Movants to see but for the world to view.  Upon its entry, Movants were afforded notice of the order, its contents and the opportunity to file a motion for reconsideration or file an appeal.  Instead of taking action, Movants did nothing for over seven and a half months until the filing of the Motion at bar.   [APDE #50]

9.) After Notice of the Order and Settlement Agreement were emailed to George Campisi, Movants could have filed a motion to re-open the appeal period and file a subsequent appeal.  Instead of taking that opportunity to be heard, Movants did nothing.

The record clearly reflects that George Campisi and all Movants through George Campisi have received actual notice.  As set forth *supra*, the Supreme Court holds that there are no due process issues when actual notice is received.  ***City of West Covina v. Perkins,*** 525 U.S. 234, 241 (1999)(Individual received actual notice of property seizure, "Accordingly, we need not decide how detailed the notice of the seizure must be or when the notice must be given."); ***National Equip. Rental, Ltd. v. Szukhent***, 375 U.S. 311, 315 (1964)("we need not and do not in this case reach the situation where no personal notice has been given to the defendant. Since the respondents did in fact receive complete and timely notice of the lawsuit pending against them, no due process claim has been made. The case before us is therefore quite different from cases where there was no actual notice . . ."); ***Nelson v. City of New York***, 352 U.S. 103, 107 (1956)(**no due process issue where actual notice received**, but was concealed by employee, and where managing agent carelessly overlooked notice). (Bold and underline emphasis added)

As stated supra, ***Espinosa*** stands for the idea that once a party is on notice, that party needs to be vigilant with respect to **not only** the matter noticed but all subsequent actions resulting from the action noticed.  Movants are not exempt.

### III. **A RULE 60(b)(4) MOTION IS IMPROPER**

Rule 60(b), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9024, permits relief from a final judgment or order.   Rule 60(b)(4) specifically provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding [if]…the judgment is void."   See **Fed. R. Civ. P. 60(b)**.   Courts have narrowly construed the concept of a "void" order under Rule 60(b)(4) because of the threat to finality of judgments and the risk that litigants will sleep on their rights or use Rule 60(b)(4) to circumvent an appeal process they elected not to follow. See **Wendt v. Leonard**, 431 F.3d 410, 412 (4th Cir 2005).   Consequently, relief is granted under Rule 60(b)(4) in the most exceptional of cases.  See **Gaydos v. Guidant Corp**., 496 F.3d 863, 866 (8th Cir. 2007).

On July 6, 2017, Anthony Campisi on behalf of TS  entered upon a work site of ECI's and illegally and unlawfully and in violation of this Court's May 1, 2017 Order "reclaimed" an excavator that ECI rightfully and legally acquired in accordance with and under state law.  This "self help" of Movant TS and George Campisi constitutes unclean hands and bars those Movants from the equitable relief which they are seeking. In fact, this Court during the August 2, 2017 hearing on ECI's Contempt of Court Order Motion, found that TS came into court with "unclean hands."   See P16 in the Campisi Contempt Hearing Transcript which had been attached as Exhibit "G".

This is not a Constitutional Due Process case when Movants received notice and knew exactly what they had to do. It is a waiver case in which Movants failed to act within a

reasonable time period, deliberately delayed taking action to the prejudice of the signatories to the Settlement Agreement and should now be barred.[8]

A Rule 60(b) motion to vacate a judgment in Bankruptcy Court is filed under the provisions of Federal Rule of Bankruptcy Procedure 9024 which incorporates Federal Rule of Civil Procedure 60(b) (Rule 60) into practice under the Bankruptcy Code.   Rule 60(b)(4) strikes a balance between the need for finality of judgments and the importance of ensuring that litigants have a full and fair opportunity to litigate a dispute. Here, Movants were notified of the Cornerstone Motion and the revised Order and failed to object to the action and Order before the time for appeal expires.   Thus, Movants have been afforded a full and fair opportunity to litigate, and the Movants' failure to avail themselves of that opportunity should not justify Rule 60(b)(4) relief.   In this matter, the timing of the Motion is not reasonable as the Motion at bar was filed on November 17, 2017, six months after George Campisi personally received notice of the May 1, 2017 Order.[9]

> "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  See Fed. R. Civ. P. 60(c)(1).

The somewhat forgiving time period set out in FRCP 60(c) is not meant to be a substitute for a timely action.   Courts have held that a FRCP 60(b) motion should be made promptly, within a "reasonable time" in some circumstances being the time in which a party would have to appeal (see example, ***Mendez v. Republic Bank,*** No. 12-cv-2585., at *8 (7th Cir. July 28, 2013); ***In re 310 Assocs.,*** 346 F.3d 31, 35 (2d Cir. 2003).

---

[8] Respondents are not asserting a statue of limitations issue with respect to the filing of this Rule 60(b)(4) motion but are asserting a "timeliness" issue along the lines of laches.

[9] This notice was the email sent by ECI's principal David Spause.  Respondents assert that notice of the Order was afforded prior to this time.

As detailed *supra*, George Campisi personally received notice of the May 1, 2017 Order no later than May, 26, 2017.  Instead of filing a Rule 60(b) motion timely, George Campisi waited at least 175 days, which is well over ten times the time for a timely appeal, to file a motion under Rule 60(b).  Likewise, counsel for TS received notice of the May 1, 2017 Order no later than June 2, 2017 when attorney Adam Sager, Esquire, was sent notice of the Order in an email from ECI's attorney Robert Saraceni, Jr.  See Emails attached prior as Exhibits "E" and "F".   Notice of the Order to TS's attorney is notice to George Campisi; therefore, notice to all the Movants as set forth *supra*.  Once again, instead of taking action timely, Movants sat on their rights for 168 days.

In addition to the aforementioned, notice was afforded TS's attorney Matthew Nahrgang no later than July 28, 2017 as this was the date he was provided notice of and a copy of the Order as part of ECI's Expedited Motion for Contempt of Court Order "(ECI's Contempt Motion")".  See Doc #564.  Remarkably, on August 1, 2017, 108 days prior to the filing of the Motion at bar, attorney Nahrgang in paragraph 2 of his Response to ECI's Contempt Motion, asserts that the May 1, 2017 Order is "void" and that "Rule 60(b) (4) allows a party to seek relief from a final judgment that 'is void' …" where he cites the Supreme Court case of ***United Student Aid Funds, Inc. v. Espinosa***.  Attached as Exhibit "J" is the Response.   Significantly, the Supreme Court in ***Espinosa*** held that a "Rule 60(b)(4) [motion] does not provide a license for litigants to sleep on their rights."  Movants Motion is not timely as they have slept on their rights and as such, it should be dismissed for its untimeliness.

## Movant Is Improperly Using Rule 60(b)(4) as a Substitute for a Timely Appeal

Instead of exercising an appeal as provided for under the law, Movants sat on their rights for six months and are now improperly attempting to use Rule 60(b)(4) as a substitute for a timely

appeal.  Since a six month delay is far longer than the time Movants would have been afforded to appeal under Rule 8002 if they had filed a motion to reopen the time for appeal as that rule requires, Movants have employed Rule 60(b)(4) as a substitute for a timely appeal.

On May 26, 2017, ECI's principal David J. Spause, sent via electronic mail, a copy of the May 1, 2017 Order to George Campisi.  Attached prior as Exhibit "C" is the email.  The May 26, 2017 email constitutes actual notice to George Campisi of the May 1, 2017 Order and satisfies the "notice" requirement portion of his due process rights. Assuming, arguendo, that the May 26, 2017 notice was the first notice George Campisi received of the order [10], he had the opportunity to appeal the order by filing a motion under Rule 8002(d)(1)(B) to extend the time to appeal.  As provided for in 8002(d)(1)(B), after receipt of the May 26, 2017 email, George Campisi had 10 days to file a motion to extend the time to appeal the May 1, 2017 Order.  George Campisi chose not to take advantage of that opportunity.  Accordingly, George Campisi and all the Movants are now using a Rule 60(b)(4) motion as a substitute for a timely appeal.  Based upon the Supreme Court's holding in *Espinosa* as discussed *infra*, seeking to vacate the order in the manner pled is improper and as such, the motion should be denied.

Further, it would be improper for the Court to provide the relief requests as Rule 9022(a) commands that "[l]ack of notice of the entry [of an order] does not affect the time to appeal or relieve **or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted is Rule 8002**." Fed. R. Bankr. P. 9022(a) (emphasis added).  This is supported by case law.  "[A] rule 60(b) motion may not be used as a substitute for appeal[.]" ***Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)**.  Even more specifically and compelling, the

---

[10] Even if George Campisi lacked of notice of entry of the order by the Clerk, the time he had to file an appeal to the Order remains unaffected.  Bankruptcy Rule 9022 states that failure to receive notice of the entry of an order does not affect the time to appeal except as provided by Bankruptcy Rule 8002.  Under Rule 8002 George Campisi had his opportunity but did nothing.

Supreme Court has held that  " **… a motion under Rule 60(b)(4) is not a substitute for a timely appeal***) Espinosa, 130 S. Ct. at 1377.*  The Supreme Court in *Espinosa* further held that a "Rule 60(b)(4) [motion] does not provide a license for litigants to sleep on their rights." *Id*. Despite these clear holdings, this is exactly what is taking place in this matter.

Under Rule 60(b)(4), a court may vacate a void judgment.   A party may not use a Rule 60(b)(4) motion as a substitute for a timely appeal.   See *Kansas City Southern Ry. Co. v. Great Lakes Carbon Corp.*, **624 F.2d 822, 825 n. 4 (8th Cir.) (en banc), cert. denied, 449 U.S. 955, 101 S.Ct. 363, 66 L.Ed.2d 220 (1980).**   In other words, if a party fails to appeal an adverse judgment and then files a Rule 60(b)(4) motion after the time permitted for an ordinary appeal has expired, the motion will not succeed merely because the same argument would have succeeded on appeal.   *See id.*  In this case Movants are doing precisely what Kansas City Southern forbids. *See id*.

**Summary**

*Espinosa* holds that a "Rule 60(b)(4) strikes a balance between the need for finality of judgments and the importance of ensuring that litigants have a full and fair opportunity to litigate a dispute."  As in the Espinosa case, where, as here, a party is notified of an action and fails to timely take action, that party has been afforded a full and fair opportunity to litigate, and the party's failure to avail itself of that opportunity will not justify Rule 60(b)(4) relief.

IV.  **THIS MOTION IS NOT PROPERLY BEFORE THIS COURT AS THE MOVANTS HAVE SAT ON THEIR RIGHTS AND HAVE NOT TIMELY APPEALED OR PROPERLY TAKEN ANY ACTION TO OPEN THE CLOSED ADVERSARY ACTION FOR THE PURPOSES OF THIS MOTION**

An "Order to Re-Open Adversary Action #14-00616" was entered on October 11, 2017 and stated in pertinent part: "… Adversary Action #14-00616 associated with this bankruptcy is

**RE-OPENED** for the **sole purpose of addressing the issues raised by Anthony Campisi in his motion to Vacate this Court's May 1, 2017 Order** …" (Bold emphasis added).  Attached as Exhibit "K" is the Order re-opening the Adversary. [BADE #591]  The Order Re-opening the Adversary is unambiguous and concise as it re-opened the adversary for one "sole purpose" and one purpose only.  The record and the plain language of the Order clearly reflects that legally the Adversary Action was opened up for Anthony Campisi's purposes only and legally remains closed for all other purposes including the Motion at bar.  Movants' intentional litigation choices here, which were to take no actions at all, constitute waiver of their right to have the Adversary Action re-opened.  Re-opening the Adversary for any additional purpose this late would severely prejudice the all the creditors, the Chapter 7 Trustee, ECI, Cougar and Cornerstone.

**CONCLUSION**

Wherefore, for the foregoing reasons, it is respectfully requested that the Motion of Movants to vacate the May 1, 2017 Order be denied.

Respectfully Submitted,

Dated: <u>01-16-2018</u>         ***/s/ THOMAS P. MULDDON., JR.***
Thomas P. Muldoon, Jr., Esquire
Muldoon & Shields, LLC
1500 Walnut Street, Suite 1207
Philadelphia, PA  19102
***Attorney for ECI, LLC***